907 F.2d 159
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francisco VIADO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3200.
 United States Court of Appeals, Federal Circuit.
 June 20, 1990.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner seeks review of a decision of the Merit Systems Protection Board (MSPB or Board), in Docket No. SE08318910811, which dismissed his appeal on the ground that it was barred by the doctrine of res judicata. We affirm the decision of the MSPB.
 
 OPINION
 
 2
 The record shows that Mr. Viado was a federal employee from October 10, 1945, to June 7, 1948, and from January 30, 1952 to February 16, 1973. However, no civil service retirement deductions were taken during any part of this service. On January 30, 1952, he received an excepted indefinite appointment, which is expressly excluded from coverage under the Civil Service Retirement Act.
 
 
 3
 Mr. Viado applied to the Civil Service Commission (now Office of Personnel Management) for a civil service retirement annuity on December 3, 1975. His application was rejected on January 6, 1976, on the ground that he had failed to establish that he had five years of creditable service under the Civil Service Retirement Act. After he had made several requests for review of the initial decision, the Commission's Appeals Review Board issued a final administrative decision on December 15, 1978. There is no evidence that the Appeals Review Board ever re-opened that decision, or that Mr. Viado filed suit in any court to set aside the final administrative decree.
 
 
 4
 On August 28, 1989, Mr. Viado appealed the unfavorable decision of the Civil Service Commission to the MSPB, which dismissed the appeal on the ground that as a result of the final decision of the Appeals Review Board, his appeal was barred under the doctrine of res judicata.
 
 
 5
 Since the merits of Mr. Viado's claim had been considered and finally resolved by the Appeals Review Board, it is clear that his 1989 appeal to the MSPB was barred by the doctrine of res judicata. Young Eng'rs, Inc. v. United States Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed.Cir.1983).